# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

BERKS County

| For Prothonotary Use Only: |
|---|
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: MANUEL CABA | Lead Defendant's Name: CITY OF READING |
|---|---|

**Are money damages requested?** [X] Yes  [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

**Is this a Class Action Suit?** [ ] Yes  [X] No

**Is this an MDJ Appeal?** [ ] Yes  [X] No

Name of Plaintiff/Appellant's Attorney: Michael P. Malvy, Esquire

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [X] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

Received County of Berks Prothonotary's Office on 08/07/2024 3:55 PM Prothonotary Docket No. 24-13215

Received County of Berks Prothonotary's Office on 08/07/2024 3:55 PM Prothonotary Docket No. 24-13215

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.   Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

    (i)   actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

    (ii)   actions for support, Rules 1910.1 et seq.

    (iii)   actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

    (iv)   actions for divorce or annulment of marriage, Rules 1920.1 et seq.

    (v)   actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

    (vi)   voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)   At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)   The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)   The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)   A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)   The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

Received County of Berks Prothonotary's Office on 08/07/2024 3:55 PM Prothonotary Docket No. 24-13215

| | |
|---|---|
| GALFAND BERGER, L.L.P.<br>By: Michael P. Malvey, Esquire<br>Identification No. 89186<br>By: Fallon N. Tarapchak, Esquire<br>Identification No. 334594<br>1835 Market Street, Suite 2710<br>Philadelphia, Pennsylvania 19103<br>(215) 665-1600<br>mmalvey@galfandberger.com<br>Attorneys for Plaintiff | **NOTICE TO PLEAD**<br>**TO: All Defendant**<br>You are hereby notified to file a written response to the enclosed Complaint within twenty (20) days from the date of service hereof or a judgment may be entered against you.<br>/S/Michael P. Malvey<br>**Attorney for Plaintiff** |

| | |
|---|---|
| MANUEL CABA<br>804 Chestnut Street<br>Reading, Pennsylvania 19602<br><br>             Plaintiff,<br><br>        v.<br><br>CITY OF READING<br>C/O LAW DEPARTMENT<br>815 Washington Street<br>Reading, Pennsylvania 19601<br><br>             Defendant | IN THE COURT OF COMMON PLEAS<br><br>BERKS COUNTY<br><br><br>NO.<br><br><br>**JURY TRIAL DEMANDED.** |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Berks County Lawyer Referral Service
544 Court Street
Reading, Pennsylvania 19601
(610) 375-4591
berksbar.org

## AVISO

Le han demandado en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo de la demanda y notificacion para asentar una comparesencia escrita en persona o por su abogado y archivar con la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte puede continuar la demanda en contra suya y puede entrar una decision contra usted sin aviso o notificacion adicional por la cantidad de dinero de la demanda o por cualquier reclamacion hecha por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE DE LLEVAR ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociation de Abogados de Berks<br>
544 Court Street<br>
Reading, Pennsylvania 19601<br>
(610) 375-4591<br>
berksbar.org

Received County of Berks Prothonotary's Office on 08/07/2024 3:55 PM Prothonotary Docket No. 24-13215

## COMPLAINT – CIVIL ACTION

1. Plaintiff Manuel Caba is an individual citizen and resident of the Commonwealth of Pennsylvania, residing therein at 804 Chestnut Street, Reading, Pennsylvania 19604.

2. Defendant City of Reading is a Pennsylvania third class city in the Commonwealth of Pennsylvania, duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 815 Washington Street, Reading, Pennsylvania 19601.

3. Defendant City of Reading maintains a full-time police department, the Reading Police Department, which operates at 815 Washington Street, Reading, Pennsylvania 19601.

4. At all times relevant hereto, various individuals employed as police officers, police officer supervisors, radio dispatchers, and/or staff with the Reading Police Department were acting within the course and scope of their employment with Defendant City of Reading.

5. At all times relevant hereto, Defendant City of Reading acted individually, collectively, and through its agents, servants, workers, employees, contractors, police officers, police officer supervisors, radio dispatchers, and/or staff who were acting within the course and scope of their agency, employment, and/or contract with Defendant.

6. At all times relevant hereto, Defendant City of Reading is liable for the acts of its agents, servants, workers, and/or employees under the legal principles of *respondeat superior*, vicarious liability, master-servant, agency, and/or right of control.

7. The motor vehicle accident giving rise to this lawsuit occurred at the intersection between Third Street and Court Street in Reading, Pennsylvania.

8. The intersection between Third Street and Court Street is a four-way intersection controlled by two stop signs on Court Street before the intersection with Third Street.

Received County of Berks Prothonotary's Office on 08/07/2024 3:55 PM Prothonotary Docket No. 24-13215

3

Received County of Berks Prothonotary's Office on 08/07/2024 3:55 PM Prothonotary Docket No. 24-13215

9. There are no traffic signals or devices on Third Street controlling the intersection with Court Street.

10. On April 17, 2023, at approximately 3:20 p.m., Plaintiff was lawfully operating his vehicle northbound on Third Street, approaching the intersection between Third Street and Court Street.

11. At the same time, police officers with the Reading Police Department, operating a Reading Police vehicle, and acting within the scope of their duties as police officers, engaged in a high-speed automobile chase in pursuit of another vehicle through the streets of Reading, Pennsylvania.

12. During the high-speed chase, the vehicle being pursued was operating at a high rate of speed and drove eastbound down Court Street, a one-way street upon which traffic operates only westbound.

13. Although the vehicle being pursued was operating at a high rate of speed and drove the wrong way down the one-way street, presenting a danger to the citizens and residents of Reading, including Plaintiff, the police officers continued to pursue the vehicle, exceeded applicable speed limits, disregarded traffic signs and signals, failed to follow the rules of the road, and improperly pursued the vehicle through residential and commercial streets.

14. Although the high-speed chase presented a danger to the citizens and residents of Reading, including Plaintiff, the police officers did not terminate the high-speed pursuit.

15. Despite presenting a danger to the citizens and residents of Reading, including Plaintiff, the police officers continued the high-speed pursuit and chased the vehicle going the wrong way down the one-way street.

16. As the vehicle being chased by the police officers continued at a high rate of speed eastbound down Court Street, the vehicle entered into the intersection between Third Street and Court Street and suddenly and violently smashed into Plaintiff's vehicle.

17. The violent collision then caused Plaintiff's vehicle to spin out of control and smash into the Berks County Community Foundation building located at the corner of the intersection.

18. As a direct and proximate result of the actions of the Reading Police officers that led to the violent collision, Plaintiff sustained personal injuries, as more particularly set forth herein, when his vehicle was struck by the vehicle being pursued by the police officers, causing Plaintiff's vehicle to violently smash into a building.

19. Plaintiff was at all relevant times an innocent motorist and was proceeding cautiously and using due care for his safety under the circumstances.

20. Upon information and belief, at all times relevant hereto, Defendant City of Reading violated City of Reading Police Directives and various laws and statutes of the Commonwealth of Pennsylvania, specifically, Reading Bureau of Police General Order No. 0607, which provides:

   a. Personnel shall not operate a police vehicle in an emergency response situation, unless responding to a forcible felony, a serious injury, an officer in need of help, an explosion, or a hazardous materials incident (General Order Nos. 0607(B)(1), (C)(2));

   b. Drivers of police vehicles are not relieved of the duty to drive with the due regard for the safety of all persons or protected from the consequences of careless disregard for the safety of others (General Order No. 0607(B)(2));

   c. Drivers of police vehicles may not proceed past a red light or stop sign unless slowing to a speed of 10 miles per hour or stopping as may be necessary for safe operation (General Order No. 0607(B)(4)(b));

   d. Drivers of police vehicles shall not enter a controlled intersection against the directed flow of traffic at a speed greater than 15 miles per hour (General Order No. 0607(B)(4)(b));

   e. Drivers of police vehicles shall not enter a controlled intersection against the directed flow of traffic unless they are sure that cross-traffic flow has yielded in each lane before attempting to cross the intersection (General Order No. 0607(B)(4)(b));

   f. ***Drivers of police vehicles conducting a pursuit shall terminate the pursuit when it becomes evident that the risks of life and property begin to outweigh the benefit of the pursuit*** (General Order Nos. 0607(C)(3)(h), (C)(4), (C)(12)); (emphasis added)

   g. Second police vehicles shall not engage in a pursuit except in extraordinary circumstances (General Order Nos. 0607(C)(5)(c)-(d));

   h. Drivers of police vehicles conducting a pursuit shall not force the pursued vehicle off the roadway or into other vehicles (General Order No. 0607(B)(8)(b)); and

   i. Drivers of police vehicles conducting a pursuit shall not replicate reckless or hazardous driving maneuvers (General Order No. 0607(B)(8)(d)).

21. Upon information and belief, at all times relevant hereto, the Reading Police Department knew the identities of the driver and passenger of the vehicle being chased by the police officers, as well as the addresses of those individuals.

22. Upon information and belief, Defendant could have apprehended the individuals in the vehicle without violating its own policies and Pennsylvania law and/or without putting the safety of the citizens and residents of Reading at risk.

23. Defendant knew or should have known that it was creating an unreasonable risk of harm to innocent bystanders and motorists in initiating and maintaining a dangerous pursuit on residential and commercial streets in the middle of the workday.

24. Defendant is vicariously liable to Plaintiff for the injuries and damages he suffered as a result of the negligence and carelessness of its agents, servants, workers, and/or employees, whose conduct was under Defendant's control or right of control, and which conduct directly, proximately, and factually caused Plaintiff's injuries and damages.

25. All of the acts and/or omissions of Defendant City of Reading, described herein, fall within the exceptions to governmental immunity, if any such immunity applies in this matter, including but not limited to 42 Pa.C.S.A. § 8541, *et. seq.*

26. As a direct and proximate result of Defendant's careless, negligent, and reckless conduct, Plaintiff sustained severe, disabling, painful, personal, and permanent injuries and damages that consist of the following:

   a. Physical injuries to various parts of his body, including but not limited to traumatic brain injury, requiring him to be placed in a medically induced coma for over a month; brain hemorrhages; fractures of his C-4 and C-5 spinal nerves; multiple rib fractures; acute respiratory failure, as well as numerous injuries to other parts of his body, including injuries and medical conditions the full extent of which are unknown, and may also be permanent in nature;

   b. Severe emotional suffering;

7

Received County of Berks Prothonotary's Office on 08/07/2024 3:55 PM Prothonotary Docket No. 24-13215

  c. Loss of earning capacity, past, present, and future;

  d. Great pain, suffering, and loss of life's pleasures, past, present, and future; and Hospital, medical, and rehabilitation expenses, past, present, and future.

27. Plaintiff's injuries and damages meet and/or exceed the thresholds required to make a claim under 42 Pa.C.S.A. § 8541, *et. seq.*

**WHEREFORE,** Plaintiff demands compensatory damages against Defendant in a sum exceeding Fifty Thousand ($50,000.00) Dollars, plus costs, interest, and such other relief that the Court deems just and proper.

**COUNT I**
**PLAINTIFF MANUEL CABA v. DEFENDANT CITY OF READING**
**NEGLIGENCE**

28. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth at length.

29. Plaintiff's injuries and damages were caused by the negligence and carelessness of Defendant consisting of the following acts and/or omissions:

  a. Operating a motor vehicle at a high and excessive rate of speed;

  b. Failing to exercise due care and caution under the circumstances;

  c. Failing to keep the motor vehicle at a safe and adequate speed under the circumstances;

  d. Failing to keep a proper lookout for other motorists on the road, including Plaintiff;

  e. Failing to operate the motor vehicle so as to not present an unreasonable risk to the citizens and residents of the City of Reading;

8

Received County of Berks Prothonotary's Office on 08/07/2024 3:55 PM Prothonotary Docket No. 24-13215

f. Failing to properly observe and avoid the traffic conditions under the circumstances;

g. Failing to properly alert surrounding traffic at the scene to the ongoing chase;

h. Failing to control or direct traffic at the scene so as to ensure the safety of innocent motorists, such as Plaintiff Manuel Caba;

i. Operating the motor vehicle in an inattentive manner;

j. Violating City of Reading policies on conducting pursuits;

k. Violating Reading Bureau of Police General Order No. 0607, including, *inter alia*, the subsections quoted in paragraph 20, above;

l. Conducting a dangerous, high speed pursuit solely because the fleeing suspects had stolen a vehicle;

m. Increasing the risk that the fleeing suspects would engage in dangerous behavior;

n. Continuing to follow the fleeing vehicle after it engaged in dangerous and unlawful conduct;

o. Failing to terminate the pursuit under circumstances which involved an unreasonable risk of harm to innocent motorists;

p. Failing to terminate the pursuit of a vehicle which did not, except for the pursuit, pose an immediate threat to the public safety;

q. Failing to terminate pursuit of a vehicle traveling at a high and unsafe rate of speed;

r. Failing to terminate pursuit of a vehicle that was illegally traveling the wrong way down a one-way street;

9

s. Permitting and/or failing to terminate pursuit under circumstances in which a high degree of risk to the public was created by the pursuit;

t. Negligently failing to properly supervise, oversee, and train its employees in the proper operation of Defendant's motor vehicle and specifically, rules for a police pursuit;

u. Failing to provide sufficient training and instruction to its employees regarding the proper operation of Defendant's motor vehicle under the circumstances;

v. Failing to properly screen and review the performance of its officers in the proper police procedure under the circumstances as they existed at the time of the accident;

w. Failing to monitor its officers in proper police procedure and re-test said officers periodically to ensure that they operate their police vehicles in a careful and proper manner under the circumstances;

x. Failing to properly supervise, direct, control, and/or oversee the conduct of its police officers;

y. Failing to implement or enforce proper policies and procedure for Reading police officers in the operation of their motor vehicles under the circumstances as they existed at the time of the accident; and

z. Violating the ordinances of the City of Reading and the laws and statutes of the Commonwealth of Pennsylvania.

aa. Other negligent acts that subject Defendant to liability under 42 Pa.C.S.A. § 8541 that will be determined during discovery.

**WHEREFORE**, Plaintiff demands compensatory damages against Defendant in a sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs, interest, and such other relief that the Court deems just and proper.

Respectfully submitted,

GALFAND BERGER, L.L.P.

By: _____
MICHAEL P. MALVEY, ESQUIRE
FALLON N. TARAPCHAK, ESQUIRE
*Attorney for Plaintiff*

Dated: 8-7-2024

Received County of Berks Prothonotary's Office on 08/07/2024 3:55 PM Prothonotary Docket No. 24-13215

Received County of Berks Prothonotary's Office on 08/07/2024 3:55 PM Prothonotary Docket No. 24-13215

## VERIFICATION

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signers. Signers verify that they have read the within pleading and that it is true and correct to the best of signers' knowledge, information, and belief. To the extent that the contents of the pleading are that of counsel, verifiers have relied upon counsel in taking this verification. This verification is made subject to the penalties of 18 Pa.C.S.A § 4904 relating to unsworn falsification to authorities.

MANUEL CABA